(23 Civil Proc. R. 232.)

### JORGENSEN v. MINISTER, ETC., OF REFORMED LOW DUTCH CHURCH OF HARLEM et al.

(Common Pleas of New York City and County, Special Term. October 18, 1893.)

LIMITATION OF ACTIONS—PERSONAL INJURIES CAUSED BY NUISANCE.

Code Civil Proc. § 382, subd. 3, provides that an action for personal injuries must be brought within six years, except when otherwise expressly provided. The only express exception is in section 383, subd. 5, which limits actions for personal injuries resulting from negligence to three years. *Held*, that an action for personal injuries resulting from nuisance is not barred in three years, but in six.

Action by Hans F. Jorgensen against the minister, elders, and deacons of the Reformed Low Dutch Church of Harlem and others to recover for the loss of services of the plaintiff's wife. Plaintiff

demurs to so much of the answer as sets up the three-years stat-
ute of limitations.   Sustained.

The complaint alleged that defendant church corporation was the owner
of, and the defendants Squires Bros. were the lessees from said corporation,
and in possession of, the premises consisting of the lot of ground and building
commonly known as "No. 2256 Third Avenue," in the city of New York.
That defendants there wrongfully and unlawfully maintained as an appur-
tenance connected with said premises a cellar or vault opening extending
from the front line of said lot bordering upon said highway at least five
feet beyond the street line thereof, and about four feet wide into the public
sidewalk of said avenue.   That said vault opening contained a stone stair-
way leading to the cellar of said building, which was not covered by any
indestructible material, nor protected by iron railings, but which was cov-
ered, contrary to law, by wooden doors, secured to the said sidewalk by
hinges; and that said opening in the sidewalk so covered was a public
nuisance.   That said premises and vault or cellar way were in the condi-
tion above described when the premises were leased as aforesaid by the
defendant corporation to the defendants Squires Bros. prior to said Septem-
ber 25th.   That on or about September 25, 1889, while plaintiff's wife was
rightfully upon said wooden doors, they fell, whereby she was precipitated
down the said cellar way into the cellar below, and she thereby received
severe contusions, which rendered her helpless for many months thereafter.
That by reason of said nuisance and the facts alleged plaintiff lost the serv-
ices, assistance, and society of his wife for a long period of time; he in-
curred medical and nursing expenses incident to her said illness exceeding
$100, and he has suffered damages in the sum of $10,000.

William B. Tullis, for plaintiff.

Robert A. Johnston, for defendants.


GIEGERICH, J.   The question raised by the defendant in op-
position to the demurrer herein is whether any distinction exists
between an action for personal injuries caused by the maintenance
of a nuisance and an action for personal injuries resulting from
negligence, with reference to the statute of limitations.   The com-
plaint clearly sets forth the cause of action for damages by reason
of the maintenance of a nuisance, and, unless it can be said that
the above distinction does not exist, the demurrer must be sus-
tained.   Section 382, subd. 3, of the Code, prescribes that the time
within which an action for personal injuries shall be brought is
six years, "except in a case where a different period is expressly
prescribed in this chapter."   The only express exception relative
to an action for personal injuries is found in section 383, subd. 5,
which relates to personal injuries resulting from negligence, in
which case the limitation is three years.   I can find no justifica-
tion for holding that this action can be brought within the excep-
tion expressed in the above section.   The question of negligence
is not in this case, an unlawful maintenance of the structure caus-
ing the injury being the sole gravamen of the action.   Even under
the most liberal construction of section 383, it cannot be said to
comprise an action of this character, and a construction the reverse
of liberal should be adopted in reading that section in connection
with the former provision, in derogation of which it stands.   The
demurrer is therefore sustained, with costs.